UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HADAS BENHAMOU, *et al.,*

    Plaintiffs,

v.

MOVING SOLUTIONS, LLC f/k/a
GOLD STANDARD RELOCATION,
A Florida limited liability company,
TRIPLE CROWN MOVING &
STORAGE, LLC, a Texas limited
liability company, FARMERS
INSURANCE, a California Insurance
entity, and JOHN DOE
CORPORATION,

    Defendants.
_____/

Case No. 21-10823
Hon. Denise Page Hood

**ORDER DENYING DEFENDANT'S
<u>MOTION TO DISMISS (ECF No. 19)</u>**

### I.   INTRODUCTION

This action arises from a dispute over a household move and involves two dissatisfied customers ("Plaintiffs"), various moving companies, and an insurance company. Before the Court is a Motion to Dismiss Based Upon Forum Selection Clause filed by one of the Defendants, Moving Solutions, LLC, f/k/a Gold Standard Relocations ("Moving Solutions"). ECF No. 19. For the reasons set forth below, the Court denies the Moving Solutions' Motion to Dismiss.

## II. BACKGROUND

On June 17, 2020, Plaintiffs Hadas and Thomas Benhamou hired Moving Solutions for their residential move from Houston, Texas to Berkley, Michigan. (ECF No. 1-1, PageID.12). Moving Solutions, a freight broker, is a Florida limited liability company with its principal place of business in Palm Beach County, Florida. (ECF No. 19, PageID.370). According to Moving Solutions, the contract, electronically signed by Hadas Benhamou on June 17, 2020, included the following language:

> 1. The provisions of this Agreement, including the terms and conditions contained herein, represents the entire understanding and agreement between Gold Standard Relocation LLC., (Hereafter Gold Standard Relocation LLC.) and customer with respect to the subject matter hereof and supersedes all other negotiations, understandings and representations (if any) made by and between such parties. . . .

> ***

> 5. As a properly licensed interstate moving coordinator/shipper agent/broker, Gold Standard Relocation LLC is not a motor carrier and will not transport an individual customer/shipper's household goods, but will coordinate and arrange for the transportation of household goods by any FMCSA authorized motor carrier. . . .

> ***

> 10. All of the terms and provisions of this Agreement; whether so expressed or not, shall be binding upon, inure to the benefit of, and be enforceable by the parties and their respective administrators, executors, legal representatives, heirs, successors and permitted assigns. . . .

\*\*\*

> 12. It is agreed by the parties as mandatory that this Agreement shall be governed by the internal laws of the State of Florida without regard to the principles of conflicts of law. Any dispute arising out of or relating to this Agreement shall be brought in the courts of record of the State of Florida and Palm Beach County or the court of the United States, Southern District of Florida in Palm Beach Florida.  (ECF No. 19, PageID.381).

Plaintiffs allege that they were not given a copy of these terms and conditions when Ms. Benhamou electronically signed the contract.  (ECF No. 1-1, PageID.16, 77). Plaintiffs allege that Moving Solutions only sent a confirmation email which included no forum selection clause.  (ECF No. 1-1, PageID.14, ¶ 21; ECF No. 1-1, PageID.71-72).

On July 10, 2020, Ms. Benhamou and Moving Solutions spoke on the phone to re-confirm some details for the move.  (ECF No. 1-1, PageID.16, ¶ 30).  On that call, Ms. Benhamou stated her desire to add 56 pieces to the contract.  (ECF No. 1-1, PageID.16-17, ¶ 31-33).  According to Plaintiffs, Moving Solutions only then attached a "Binding Move Estimate" which contained the forum selection clause. (ECF No. 1-1, PageID.17, ¶¶ 33-34).  According to the Complaint, it was the "first time that Plaintiffs were made aware" of various contractual provisions including the forum selection clause.  (ECF No. 1-1, PageID.20).  Both parties signed the contract.

On July 14, 2020, Triple Crown Moving & Storage, LLC, a motor carrier contracted by Moving Solutions, packed up and picked up Plaintiffs' household goods in Texas. (ECF No. 1-1, PageID.19-20, ¶ 43). On August 10, 2020, the items were delivered to the Benahmous' new residence in Michigan. (ECF No. 1-1, PageID.21-22, ¶ 54-55).

Plaintiffs allege, and Moving Solutions disputes, a number of issues relating to this move: (1) household items were damaged or went missing during the move (ECF No. 1-1, PageID.23, ¶ 63-69); (2) Moving Solutions misrepresented that it, and not a third party, would be the actual mover (ECF No. 1-1, PageID.14 ¶¶, 19-21); (3) Moving Solutions subcontracted with Triple Crown Moving & Storage, LLC without Plaintiffs' permission (ECF No. 1-1, PageID.19, ¶ 40); (4) Moving Solutions did not ensure a timely pickup and delivery of their household items. (ECF No. 1-1, PageID.12-18, 35-37).

## III.  PROCEDURAL HISTORY

On March 9, 2021, Plaintiffs filed a Complaint in Oakland County Circuit Court (Michigan), alleging the following counts against Moving Solutions: (1) ordinary negligence; (2) gross negligence; (3) common law fraud; (4) breach of contract; (5) innocent misrepresentation; (6) fraud in the inducement; (7) silent fraud; (8) unconscionability; (9) unilateral mistake; (10) intentional infliction of emotional distress; and (11) vicarious liability.

On April 12, 2021, (former) Defendant Texas Farmers Insurance Company, with the permission of all co-Defendants, removed this action from the Oakland County Circuit Court to this Court on the basis of diversity jurisdiction. (ECF No. 1, PageID.1-8). On August 24, 2021, Moving Solutions filed a Motion to Dismiss Based on the Forum Selection Clause. (ECF No. 19). Moving Solutions asserts, as an affirmative defense, that the forum selection clause in its contract with Plaintiffs requires the parties to resolve this dispute in Florida. Former United States District Judge Stephanie Dawkins Davis conducted a hearing on the Motion to Dismiss via video teleconference on March 23, 2022. Since that hearing, Judge Davis has been appointed and confirmed to sit on the Sixth Circuit Court of Appeals. This case was reassigned to the undersigned on June 16, 2022.

## IV.  LEGAL STANDARD

### A.  12(b)(3) Standard of Review

In determining a motion to dismiss under Rule 12(b)(3) for improper venue, a plaintiff bears the burden of proving that the venue is proper under 28 U.S.C. § 1391. *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013); *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F.Supp. 2d 1014, 1017 (E.D. Mich. 2002). In examining a plaintiff's arguments, a court must determine whether the case falls within one of the three categories set out in § 1391(b): (1) a judicial district in which any defendant resides, if all defendants are residents of the

State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *Atlantic Marine Const. Co.,* 571 U.S. at 55-56. (citing § 1391(b)(1)-(3)). If a plaintiff establishes at least one of these three categories, venue is proper. Where a plaintiff does not, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

"Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.* A case filed in a district that falls within § 1391 "may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Id.* ("Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a).").

B. <u>12(b)(6) Standard of Review</u>

In determining a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the [nonmoving party] . . . [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens*

*v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when an affirmative defense . . . appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted). A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527. Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

As a general rule, a court cannot consider matters outside the four corners of the complaint when ruling on a motion to dismiss under Rule 12(b)(6). *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781 (S.D. Ohio 2009). However, the court may consider material "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and may consider documents that a defendant attaches to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiff's claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Moving Solutions attaches to the Motion to Dismiss the following exhibits: Exhibit A - Affidavit of Shannon Campanella (ECF No. 19-2, PageID.393); Exhibit A1 – 6/17/20 Contract (ECF No. 19-3, PageID.398); Exhibit A2 – 7/10/20 Contract (ECF No. 19-4, PageID.408); Exhibit B – Company Snapshot (ECF No. 19-5, PageID.418). The Court cannot rely on Exhibits A or B because they contain materials outside of the four corners of Plaintiffs' Complaint. The Court can consider the contract exhibits (A1, A2) because they are incorporated into Plaintiffs' Complaint either directly or by reference (*See* ECF No. 1-1, PageID.13, ¶ 9; ECF No. 1-1, PageID.17, ¶ 34; ECF No. 1-1, PageID.80-85), and the Court has reviewed and incorporated Exhibits A1 and A2 into the Background section of this Order.

## V. ANALYSIS

As an initial matter, Moving Solutions argues that Plaintiffs' Response to the present motion does not comply with Rule 56. (ECF No. 21, PageID.449-50) (Plaintiffs "make all kinds of unsubstantiated factual allegations in their Brief in support of their Response"). This argument is misplaced because Rule 56 governs motions for summary judgment, not motions to dismiss, and Plaintiffs sufficiently identify factual allegations in the Complaint throughout their Response. The Court therefore proceeds under the Rule 12(b) standard and not under the Rule 56 standard. Pursuant to Rule 12(b), the Court "must construe the complaint in the light most favorable to the [nonmoving party] . . . [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Moving Solutions argues that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(3) and 12(b)(6) because "Hadas Benhamou and Moving Solutions entered into a written contract with Moving Solutions that contains a mandatory forum-selection clause requiring the parties to resolve all disputes exclusively in the courts for Palm Beach County, Florida." (ECF No. 19, PageID.369). Moving Solutions did not file a motion to transfer venue or rely on

the *forum non conveniens* doctrine.[1] As such, the Court will analyze only the validity and enforceability of the forum selection clause as a matter of law.

### A. Improper Venue

Moving Solutions argues that dismissal is warranted pursuant to Rule 12(b)(3) because a forum selection clause renders the venue improper (ECF No. 19, PageID.369), but this argument is misplaced. As Plaintiffs argue: (1) venue is proper because the Court has original subject matter jurisdiction under 28 U.S.C. § 1332; and (2) Rule 12(b)(3) is not the proper mechanism to enforce a forum selection clause, as a forum selection clause has no bearing on a Rule 12(b)(3) motion.

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2); *see also Medler Elec. Co v. Nilard Co.,* No. 05-10115-BC, 2005 WL 1983800 (E.D. Mich Aug. 12, 2005) (Lawson, J.) (finding venue proper because, among other reasons, a defendant caused goods to be sent to Michigan).

---

[1] After the Supreme Court's ruling in *Atlantic Marine Const. Co.*, some defendants have followed the Court's guidance that a forum selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404, for clauses invoking a federal court's jurisdiction, or under the doctrine of *forum non conveniens*, for clauses invoking a state or foreign forum's jurisdiction. 571 U.S. at 49; *Smith v. Aegon Co. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014); s*ee also Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019). In both instances, a court would weigh a variety of factors such as the interest of justice and convenience of the parties when deciding to transfer the case. *Id.*

The Complaint alleges that "[t]he acts and omissions that form the basis of this action took place in whole and/or materially in Oakland County, Michigan." (ECF No. 1-1, PageID.12, ¶ 2). Plaintiffs further alleges that: (a) they reside, and resided at all times to the relevant action, in Michigan (*Id.* at ¶ 3); (b) Moving Solutions services residential and commercial moves nationwide, including in Michigan (*Id.* at ¶ 5); (c) they hired Moving Solutions to move household goods to Michigan (*Id.* at ¶ 8); (d) Moving Solutions subcontracted with Triple Crown to conduct this move to Michigan (ECF No. 1-1, PageID.19, ¶ 40); and (3) on August 10, 2020, John Doe Corporation delivered the household items to Plaintiffs' Michigan residence where the property at issue is now located (ECF No. 1-1, PageID.22, ¶ 55). The Court finds that venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district and a substantial part of the household goods at issue in Plaintiffs' claims is situated in this district.

Moving Solutions' argument that venue is improper because of a contractual forum selection clause is unavailing. Dismissal under Rule 12(b)(3) is permitted only where venue is "wrong" or "improper." In *Atlantic Marine Const. Co*, the Supreme Court held that "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls

-11-

within § 1391 may not be dismissed under . . . Rule 12(b)(3)." 571 U.S. at 56; *see also Wong v. PartyGaming Ltd.,* 589 F.3d 821, 830 (6th Cir. 2009) ("[A] forum selection clause should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue."). Accordingly, Rule 12(b)(3) is not the proper mechanism to enforce the forum selection clause at issue in this case.

For the reasons stated above, the Court denies the Motion to Dismiss based on Rule 12(b)(3).

### B. Failure to State a Claim

Moving Solutions argues that dismissal is warranted pursuant to Rule 12(b)(6) because the forum selection clause limits Plaintiffs' ability to state a claim for relief. (ECF No. 19, PageID.384). Plaintiffs assert that: (1) a Rule 12(b)(6) motion is not the proper mechanism to enforce a forum selection clause; (2) there exists a dispute of material facts regarding the forum selection clause which precludes dismissal; and (3) even if Rule 12(b)(6) were a proper mechanism, they state a claim for relief in their Complaint on the grounds that the forum selection clause is not valid.

#### i. Dismissal Mechanism

Rule 12(b)(6) is a proper mechanism to enforce the forum selection clause at issue in this case. The Supreme Court has not closed the door to these motions but instead has only indicated that "a motion under Rule 12(b)(6), unlike a motion under

§ 1404(a) or the *forum non conveniens* doctrine, may lead to a jury trial on venue if issues of material fact relating to the validity of the forum-selection clause arise." *Atlantic Marine Const. Co*, 571 U.S. at 56, n.4. Since *Atlantic Marine Const. Co.*, the Sixth Circuit has continued to recognize Rule 12(b)(6) as a mechanism to enforce forum-selection clauses. *See e.g., Smith v. Aegon Co. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). In *Smith*, the court affirmed a District Court's dismissal of a claim under Rule 12(b)(6) because of a valid forum selection clause in an ERISA plan governing the dispute. *Id.* The *Smith* court distinguished its case, involving a Rule 12(b)(6) motion, from *Atlantic Marine Const. Co.*, which barred enforcement of forum selection clauses through Rule 12(b)(3). *Id.*

### ii. Questions of Fact

Plaintiffs argue that "Moving Solutions' motion should be denied because it involves material questions of fact" and "[w]hether the clause at issue was obtained by unconscionable means involves the resolution of fact issues that have yet to be developed through discovery (*i.e.*, the if, when and how Plaintiffs were presented with Moving Solutions' terms and conditions, and if Plaintiffs had any reasonable alternative but to accept them)." (ECF No. 20, PageID.445). At this stage in the proceedings, however, the Court must ascertain whether Plaintiffs allege a plausible claim in their Complaint, not whether there exists a question of material fact.

### iii. Validity of Forum Selection Clause

In a diversity suit, "the enforceability of a forum selection clause is governed by federal law." *Wong v. Partygaming LTD PLC*, 589 F.3d 821, 828 (6th Cir. 2009); *see also Boling v. Prospect Funding Holdings, LLC*, 771 Fed. App'x 562, 568 (6th Cir. 2019) ("Federal law governs the enforceability of a forum-selection clause in a diversity suit."). Generally, a forum selection clause should be upheld "absent a strong showing that it should be set aside." *Wong*, 589 F.3d at 828 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Atlantic Marine Const. Co.*, 571 U.S. at 63 (a valid forum-selection clause "should be given controlling weight in all but the most exceptional cases.").

The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Wong*, 589 F.3d at 828. Courts evaluate the enforceability of a forum selection clause by considering whether: (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; or (3) the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *M/S Bremen*, 407 U.S. at 15; *Smith*, 769 F.3d at 930, 934. S*ee also Williams Ins. and Consulting, Inc. v. Goosehead Ins.*, 533 F.Supp.3d 555 (E.D. Mich. Feb. 11, 2020) (finding a forum selection clause enforceable under this test and granting dismissal for failure to state a claim).

The Court first concludes that Plaintiffs cannot show that the forum selection clause should not be enforced based on the ineffectiveness, unfairness, or inconvenience of proceeding in the forum designated in that clause. Plaintiffs have not shown that another forum would ineffectively handle this suit, as they must do as the party opposing a forum selection clause. *Wong*, 589 F.3d at 828. Plaintiffs have not demonstrated that there is a risk that the litigants will be denied a remedy or will be treated unfairly in another forum. *Id.* at 829. The Court also notes that Plaintiffs admit that the courts listed in the clause would be competent to handle the claims in this suit. (ECF No. 20, PageID.444).

As to inconvenience, a party opposing a forum selection clause must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable. *Wong*, 589 F.3d at 828 (citation omitted). A forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract. *Id.* The Court does not find that enforcement of the forum selection clause would be unjust or unreasonable because relevant documents, items, and witness are present in both the forum designated by Moving Solutions and in the forum selected by Plaintiffs. These circumstances are similar to those in *Wong*, where the court upheld a forum selection clause as not unreasonable where the plaintiffs could not establish why another forum would be any more inconvenient based on the location of evidence and parties. *Id.* The Court also is not persuaded

-15-

by Plaintiffs' argument that, if the forum selection clause is upheld, this case would remain in this court as to the other Defendants who did not join this motion. As there are no overlapping counts between Moving Solutions and the Defendants, the claims against Moving Solutions could easily be severed and Plaintiffs would not have to pursue the same claims in both forums.

As to whether the clause was obtained in an unconscionable manner, a party opposing a forum selection clause must show: (1) fraud in the inclusion of the clause itself; (2) that any agreement as to the forum selection clause was obtained unknowingly; or (3) that any agreement as to the forum selection clause was obtained unwillingly. *Wong*, 589 F.3d at 828. Plaintiffs do not meet their burden of showing fraud. A party must allege fraud or misrepresentation regarding the inclusion of the forum selection clause itself, as general claims of fraud with respect to the entire contract do not affect the validity of a forum selection clause. *Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 1991); *see also Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14 (1974). In *Wong*, the court upheld a forum selection clause because it held that the plaintiffs did not sufficiently allege that the defendant falsely represented a chosen forum. *Wong*, 589 F.3d at 828-830. Plaintiffs have argued there were misrepresentations about service and delivery under the contract, but as in *Wong*, Plaintiffs do not argue that the forum selection clause was obtained

by fraud or that Moving Solutions falsely represented in what forum any dispute would be addressed.

The Court does find, however, that Plaintiffs have met their burden of sufficiently alleging in the Complaint that that the agreement as to the forum selection clause was obtained unknowingly and unwillingly. Plaintiffs allege that they did not receive the terms and conditions of the forum selection clause when Ms. Benhamou first electronically signed the June 17, 2021 contract. They allege Moving Solutions only sent a confirmation email that did not include mention of any forum selection clause. (ECF No. 1-1, PageID.14, ¶ 21; ECF No. 1-1, PageID.71-72). For this reason, the Court finds that Plaintiffs have alleged that their agreement to the forum selection clause was obtained unknowingly.

Plaintiffs also sufficiently allege that the forum selection clause was obtained unwillingly. Plaintiffs plausibly allege that the July 10, 2020 agreement was signed under duress, as they had no choice but to accept Moving Solutions' terms and conditions without losing the buyer to their Texas home. According to the Complaint, it was only on July 10, 2020, when Plaintiffs requested additional items be moved, that Moving Solutions attached a "Binding Move Estimate" which contained the forum selection clause. (ECF No. 1-1, PageID.17, ¶¶ 33-34). The July 10, 2020 contract was executed three days before the July 14, 2020 move and was the "first time that Plaintiffs were made aware" of various contractual

provisions. (ECF No. 1-1, PageID.20). Plaintiffs further allege that even if Moving Solutions had provided or explained the various contract provisions sooner, Plaintiffs would have been "left with no other choice but to accept them" given how close in time the move was. (ECF No. 1-1, PageID.18, ¶ 38). Plaintiffs allege that this put them under duress because they had to be moved out of their Texas home by the morning of July 15, 2020. (ECF No. 1-1, PageID.16, ¶ 27). The Court finds the that Plaintiffs have sufficiently alleged that the clause was obtained unwillingly.

In its Reply, Moving Solutions argues that Plaintiffs do not allege sufficient factual allegations demonstrating the clause was obtained by unconscionable means. For the reasons discussed above, the Court disagrees. For purposes of its Rule 12(b)(6) analysis, the Court is not persuaded by Moving Solutions' argument that Plaintiffs had "hundreds, perhaps thousands, of alternative sources with which they could have contracted with to move their household goods from Texas to Michigan." (ECF No. 21, PageID.454). At the motion to dismiss stage, all well-pleaded factual allegations as true, and the Court does not address alleged disputes of material fact at this time. *League of United Latin Am. Citizens*, 500 F.3d at 527 (6th Cir. 2007). Therefore, the court need not address alleged disputes of material fact at this time.

As the Court has concluded that Plaintiffs have met their burden of alleging unconscionability as to the forum selection clause, the Court will not enforce the forum selection clause at this time. The Court will order the parties to engage in

discovery, during which time they can ferret out the factual issues that will determine whether the forum selection clause should be enforced.

VI. CONCLUSION

Accordingly, for the reasons discussed herein,

IT IS ORDERED that Defendant Moving Solutions' Motion to Dismiss Based on Forum Selection Clause [ECF No. 19] is DENIED.

**SO ORDERED**.

Dated:	August 24, 2022

s/Denise Page Hood<br>HON. DENISE PAGE HOOD<br>United States District Court Judge